

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

August 4, 2005

**FILED**

AUG - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BY FAX
Lara Quint, Esq.
Federal Public Defender
625 Indiana Ave., N.W.,
Suite 550
Washington, DC 20004

Re: <u>U.S. v. Denis Robert Fougeres</u>, CR 05-0224 (RMC)

Dear Ms. Quint:

This letter sets forth the plea agreement this Office is willing to enter into with your client, Denis Robert Fougeres ("your client" or "the defendant").  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me no later than August 8, 2005. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

1.  **Charges**.  Your client agrees to plead guilty to Count Two of an Information charging him with violating 22 D.C. Code §§ 3211, 3212 and 1803, Attempt to Commit Theft in the First Degree.  The Information, a copy of which is attached, will be filed in the United States District Court for the District of Columbia prior to the plea hearing. The government agrees to dismiss Count One of that Information, and the Indictment in this case, both of which charge him with violating 18 U.S.C. § 472 (Possessing Counterfeit Obligations or Securities), at the time of sentencing.

2.  **Potential penalties, assessments, and restitution**.  Your client understands that pursuant to 22 D.C. Code §§ 3211, 3212 and 1803, and 16 D.C. Code § 710(b), Attempted Theft in the First Degree carries a maximum sentence of not more than 180 days imprisonment, a fine of not more than $1,000, or both, and a period of probation of not more than five years.  In addition, your client agrees to pay a special assessment of $50 to the Clerk of the United States District Court of the District of Columbia prior

to the date of sentencing.

3. **Release/Detention and Actions Pending Sentencing.** The government will not seek your client's detention pending sentence if your client complies with all release conditions and terms of this agreement and commits no further crimes. However, your client acknowledges that the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's guilty plea.

4. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to plead not guilty and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

5. **Reservation of allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing. However, if your client agrees under oath to leave the United States no later than three days after the date he is sentenced in this case (or the date he is released from any sentence of imprisonment that may be imposed by the Court), and if your client further agrees under oath not to return to the United States for five years after the date he is sentenced in this case (or the date he is released from any sentence of imprisonment that may be imposed by the Court), then the United States will request that the sentencing judge impose a sentence of five years unsupervised probation. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual

inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

## 6. Limited Right of Appeal

Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, or any other claimed error with regard to his sentencing, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum. Further, the defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, the defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the government in this agreement.

7. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. If your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of the U.S. Immigration and Customs Enforcement.

8. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the

right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

9. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court. I am entering this agreement because I am guilty of the crime to which I am pleading guilty.

Sincerely,

Kenneth L. Wainstein
United States Attorney
D.C. Bar #451058

Angela G. Schmidt
Assistant U.S. Attorney
Texas Bar #17764980

5

## Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.


8 / 8 / 2005
_____
Date

_____
Denis Robert Fougeres


## Defense Counsel's Acknowledgment

I am Denis Robert Fougeres' attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.


8/8/05
_____
Date

_____
Lara Quint
Counsel for Mr. Fougeres

6